UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:16-cr-00354 |
| Plaintiff, | : | OPINION & ORDER [Resolving Docs. 24 & 32] |
| vs. | : | |
| SHAWN L. HICKS, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Shawn L. Hicks requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes Hicks's request.[2]

For the following reasons, the Court **DENIES** Hicks's motion for compassionate release.

## I. Background

On November 9, 2016, Defendant Hicks was indicted on one count of possession with intent to distribute child pornography and one count of accessing with intent to view child pornography.[3] On April 5, 2017, this Court sentenced Hicks to 84 months imprisonment and 10 years supervised release.[4] He is scheduled for release in May 2023.[5]

---

[1] Docs. 24, 32, 36.
[2] Doc. 35.
[3] Doc. 32 at 2.
[4] *Id.*
[5] *Id.* at 5.

## II. Discussion

On June 3, 2020, Hicks moved *pro se* for compassionate release.[6] On September 30, 2020 he filed a supplemental motion.[7] Hicks requests a sentence reduction due to several medical conditions, including asthma, elevated blood pressure, obesity, and mental illness, that he claims increase his risk of severe illness if he contracts COVID-19.[8]

The Government opposes.[9] The Government argues that Hicks is young and his cited medical conditions are not severe enough to warrant early release.[10] The Government also states that Hicks would pose a danger to the community because there is a high recidivism rate for sex offenders.[11]

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from the defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[12]

Here, the warden of FCI Elkton denied Hicks's request for a sentence reduction on May 22, 2020.[13] Hicks filed a supplemental motion for compassionate release on September 30, 2020.[14] More than four months passed between the time Hicks asked the warden for early release and the filing of Hick's supplemental motion. As a result, the Court finds that Hicks has satisfied the statutory exhaustion requirement.

---

[6] Doc. 24.
[7] Doc. 32.
[8] *Id.*; Doc. 32 at 5–9.
[9] Doc. 35.
[10] *Id.* at 5–9.
[11] *Id.* at 14.
[12] 18 U.S.C. § 3582(c)(1)(A).
[13] Doc. 32-1.
[14] Doc. 32.

**B. Eligibility**

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[15] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[16]

The applicable policy statement instructs that extraordinary and compelling reasons for a sentence reduction fall into four categories: (i) medical conditions, (ii) age, (iii) family circumstances, and (iv) other reasons.[17]

Hicks argues that he suffers from medical conditions that increase the risk of serious illness if he contracts COVID-19.[18] Specifically, he states that he suffers from asthma, elevated blood pressure, obesity, anxiety, and depression.[19]

Hicks's COVID-19 argument is not persuasive. As the Government observes, Hicks's has not demonstrated that he suffers from moderate to severe asthma.[20] And his asthma

[15] 18 U.S.C. § 3582(c)(1)(A).

[16] *Id.*

[17] USSG § 1B1.13 cmt. n.1. The policy statement is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2020), *appeal filed* No. 20-2053 (quoting USSG § 1B1.13 cmt. n.4). Because this is no longer the law under the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases). *See also United States v. Rice*, No. 5:05-cr-00042, 2020 WL 5569616, at *1 (N.D. Ohio Sept. 17, 2020).

[18] Doc. 32.

[19] *Id.* at 7.

[20] Doc. 35 at 5–6.

appears well controlled.[21] Additionally, Hicks's marginal obesity and marginally elevated blood pressure do not seem to have an impact on his overall health.[22] Finally, as the Government points out, the CDC does not recognize anxiety and depression as increasing the risk of complications from COVID-19.[23] Hicks is otherwise a healthy 24-year-old.[24]

Moreover, the Government makes a strong argument that Hicks still poses a danger to the community. Hicks's crimes were egregious.[25] And as the Government notes, those convicted of sex offenses have higher instances of recidivism.[26]

Considering all relevant factors, the Court does not find that extraordinary and compelling reasons warrant Hicks's compassionate release.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** without prejudice Hicks's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

Dated: October 26, 2020

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

[21] *Id.* at 6.
[22] *Id.* at 6–7.
[23] *Id.* at 7.
[24] Doc. 35 at 5.
[25] Doc. 35 at 9–14; Doc. 16.
[26] Doc. 35 at 14–15 (citing *United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008) ("[As Congress has found …] child sex offenders have appalling rates of recidivism and their crimes are under-reported"); *United States v. Allison*, 447 F.3d 402, 405-406 (5th Cir. 2006) (["]Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders.["])).